## RAKESTRAW v LANCE, Exrx, et

Ohio Appeals, 2nd Dist. Montgomery Co

No 1566.   Decided May 26, 1939

Jacobson & Durst, Dayton, for plaintiff-appellee.

William Harry Gilbert, Troy, for defendant-appellant.

Squire, Sanders & Dempsey, Cleveland, for Harris-Seybond-Potter Co.

Smith, Schnacke & Compton, Dayton, for Goodyear Tire & Rubber Co.

## OPINION

By BARNES, J.

The above entitled cause is now being determined as an error proceeding by reason of appeal on questions of law of Nellie D. Lance, executrix of the estate of Jennie Rakestraw, deceased, and Nellie D. Lance, individually.

Plaintiff, through his petition, sought a declaratory judgment as to the title of ten shares preferred stock in the Harris-Seybond-Potter Company, and six and one-fourth shares preferred stock of the Goodyear Tire & Rubber Company.

All of the defendants except Harry V. Rakestraw filed answers.

The Corporate shares of stock were issued to Mrs. Jennie Rakestraw in 1927.

Mrs. Jennie Rakestraw died testate in Texas at the home of her daughter, Nellie D. Lance, February 24, 1935. Under the provisions of her will she decreed all her property to the daughter, Nellie D. Lance.

Besides the daughter, Nellie D. Lance, the decedent left surviving two sons, the plaintiff David U. Rakestraw, and the defendant, Harry V. Rakestraw.

The certificates of stock heretofore referred to, at the time of the death of Jennie Rakestraw and prior thereto were in the possession of the plaintiff, David U. Rakestraw.

The certificates of stock aforesaid, with the exception of the ¼ share in Goodyear, were endorsed in blank.

The ¼ share was issued as script and payable to bearer. This ¼ share bore no endorsement, and was in the possession of plaintiff the same as the other two certificates. It was the claim of the plaintiff, David U. Rakestraw, supported by evidence, that his mother, Jennie Rakestraw, endorsed the certificates as aforesaid, and placed the same in his possession shortly after they were issued, with the agreement that said certificates were to be his property, but that she was to receive the dividends therefrom so long as she lived. Following the death of Mrs. Rakestraw, plaintiff filled out the blank assignments to himself and forwarded to the respective corporations for reissue of certificates to him.

Nellie Lance, before the death of her mother and possibly after, sent a communication to the corporations by reason of which both corporations declined to reissue certificates to the plaintiff.

Both corporations filed answers in the nature of interpleaders, asking that they be protected, and further, that the court make a determination as to whom the certificates or proceeds therefrom should be transferred.

Nellie D. Lance filed answer as an individual and as executrix of the estate

of Jennie Rakestraw, and therein made admissions of certain allegations of the petition and denied all others, which denial would include all allegations of plaintiff that he had any interest or title in and to the stock certificates made the subject of the action.

As a second defense, she set forth the date and place of the death of her mother; the execution and probate of the will; the appointment and qualification of herself as executrix; the claimed provision of the will bequeathing to the defendant, Nellie D. Lance, the stock certificates in question, and praying that the court order the certificates to be transferred to her.

Following the filing of answers by the several defendants, the plaintiff filed an amended petition. by which, in addition to the allegations of the original petition, he sets out in greater detail the origin of the funds with which the stock certificates were purchased; plaintiff's claimed interest therein and the motive actuating the mother in transferring the certificates to him subject to her right of divdends so long as she lived.

By agreement, it was stipulated that all answers previously filed would be accepted as answers to the amended petition.

At the start of the trial. plaintiff took leave to file a reply in the nature of a general denial.

The denial was not filed, but the case was tried the same as though filed.

The evidence in the case takes a very wide range, going back to the year 1900.

At that time Jennie Rakestraw and James V. Rakestraw were husband and wife and were the parents of the three Rakestraw children, all at that time being minors, Harry V. Rakestraw being the oldest. At that time a 37 acre farm was in the name of Jennie Rakestraw.

Her husband, James V. Rakestraw, brought an action against Jennie, his wife, to obtain title to this land. Shortly thereafter the wife brought an action against her husband James, for divorce, alimony and custody of the three minor children. Some form of adjustment was made whereby these suits

were dismissed and the parties went back living together.

In 1901 Jennie Rakestraw brought a second action against her husband for divorce, custody of the children and to obtain full legal title to the said 37 acre farm. In her petition it appears, among other things, that upon the dismissal of the former actions, she had executed a deed of conveyance to the 37 acres to the husband. The trial court, after hearing the second action for divorce, granted the same to plaintiff and decreed that the 37 acre farm be conveyed to Jennie Rakestraw during her natural life, the remainder in fee to Harry V. Rakestraw, Nellie Rakestraw and David U. Rakestraw, share and share alike. This conveyance was never executed.

In 1902, plaintiff filed an application in her divorce action to modfy the decree. In this application the three minor children were made parties defendant. On the return of the summons as to the children, service was made on Nellie Rakestraw and David U. Rakestraw personally, and being minors, by also leaving copy of summons with their mother, Jennie Rakestraw. As to Harry V. Rakestraw, a return was made that he was served by leaving copy at his residence. The husband, James V. Rakestraw, did not appear. It was the order of the court that the former entry of November 21, 1901, be vacated and set aside insofar as said entry and decree conferred a life estate in the plaintiff and the fee in the defendants, Hary V. Rakestraw, Nellie D. Rakestraw and David U. Rakestraw in the 37 acre farm. It was further ordered, adjudged and decreed by the court that the plaintiff, Jennie Rakestraw, have and possess in fee simple and for alimony the following described real estate. (Then follows the description of the 37 acre farm.)

This application and order were made at a term subseqeunt to the decree of November 21, 1901.

On July 22, 1918, the son Harry V. Rakestraw, filed a motion to vacate the judgment or modification in the entry of November 21, 1901. insofar as said judgment may affect the interest and

property rights of said Harry V. Rakestraw. His application was predicated on the ground that he was not served with a summons as a defendant and did not enter his appearance or authorize anyone else to enter his appearance, and was not in any way, by any process, brought within the jurisdiction of the court for the purpose of modifying said decree.

This motion was heard in the Common Pleas Court on November 9, 1918, and on said date the court sustained his application and annulled, vacated and held for naught, insofar as said modifying decree purported to affect the rights of the said Harry V. Rakestraw.

Immediately Jennie Rakestraw took the necessary proceedings through which petition in error was filed in the Court of Appeals of Montgomery County, seeking a reversal of the judgment in favor of Harry V. Rakestraw. The entry in the Court of Appeals discloses that on May 24, 1919, the cause, by agreement of the parties, was settled and proceedings in error dismissed without record. On this same date Harry V. Rakestraw executed and delivered to his mother a deed of conveyance transferring all his title and interest to the 37 acre farm. August 20, 1919, the farm was sold for $7000.00 to E. M. Duncan and · at the same time the mother and Harry V. Rakestraw, the son, entered into a written contract whereby one-third of the sale price of the farm, less $100.00 paid to the mother's counsel, was to be deposited in the Fidelity Building and Loan Association in the name of Jennie Rakestraw and Harry V. Rakestraw, with an agreement in writing filed with the association, containing provisions that the income from the deposit of $2300.00 should be paid to Jennie Rakestraw during her life, and at her death the principal should be paid to Harry.

This agreement was carried out.

On May 22, 1919, two days prior to the dismissal of the error proceedings in the Court of Appeals, David U. Rakestraw and Nellie Rakestraw Lance quitclaimed to Jennie Rakestraw, their mother, their interest in the 37 acre farm.

In the instant case it is the claim of David U. Rakestraw that at or about the time of the sale of the farm to E. M. Duncan his mother orally agreed that she would hold two-thirds of the proceeds of the sale in trust for the son, David U., and the daughter, Nellie D., share and share alike; that the endorsements and delivery of the stock certificates though in less amount, were in furtherance of this original plan.

The trial court found the issues in favor of plaintiff and declared him to be the owner of the stock certificates which were the subject of the action. As heretofore stated, Nellie D. Lance individually and as executrix, perfected her appeal through which the cause is lodged in this court.

Appellant's assignment of error sets out four separate specifications of error as follows:

1. The findings, orders and judgment of the Court are contrary to and against the weight of the evidence.
2. The findings, judgments and orders of the court are against the law governing the case.
3. The trial court erred in rejection of evidence offered by Lance, defendant-appellant, to which she duly excepted at the time.
4. The common pleas court erred in overruling the motion of Lance, defendant-appellant, for a new trial.

Specifications 1 and 2 may be considered together.

The principle is well recognized that a reviewing court will not reverse on the weight of the evidence, unless the finding of the court is so manifestly against the weight of the evidence as to shock the conscience of the court if permitted to stand.

We are unable to bring ourselves to this conclusion. Excerpts of the evidence may be extracted through which a very strong case may be made in favor of either party on the facts. Probably the strongest evidence against plain-

tiff's position is presented through letters admittedly written by him to his mother or sister, shortly prior to the mother's death, and one written to the sister following notice of the mother's death. In these several letters he refers to the certificates of stock as though they belonged to the mother. He explains in part that the letters were so written due to the fact that his mother had frequently said to him that he should keep the certificates and never return them to her, even if she asked for them, particularly when she was with the daughter, for the reason that the daughter and her husband would talk her out of them. Of course, this would not fully explain the letter written to his sister after he had been notified of his mother's death. The letters do not make the statement that his mother owned the stock absolutely and that he had no interest therein, but the conclusion is inferable.

On the other hand, plaintiff in addition to his own testimony presents witnesses who testify that the mother told them that she was protecting David in what justly belonged to him. A brother, Harry V. Rakestraw, and his wife so testify, as also did Mrs. Berbe Fisher, an old friend of Mrs. Rakestraw.

There is also evidence of letters written by Mrs. Rakestraw in very positive language to the effect that Dr. Lance, husband of Nellie D. Lance, had beaten her out of stocks amounting to $3400.00.

There is also presented in evidence what purported to be a last will and testament, executed by Mrs. Jennie Rakestraw, October 22, 1930. Of course, this document was not probated for the reason that a later will and testament was probated in Texas. The document purports to have been written in Los Angeles, California. Item 3 reads as follows:

"I give, devise and bequeath to my son, Harry V. Rakestraw, the sum of One Dollar. I am not giving him any larger amount because he received his just part several years ago when the farm was sold.

Item 4;

"I give and bequeath to my daughter, Nellie D. Lance, the sum of One Dollar. I am not giving her any larger amount because she received her just part several years ago, and she and her husband, Dr. R. O. Lance, gave me a note covering value of two of my stock certificates delivered to them on which she and her husband received the money, and no part of said note has been paid. I direct my executor to cancel and offset the same note and deliver same to her."

Item 5:

"All the rest and residue of my estate, real, personal and mixed, of which I shall die seized and possessed or to which I shall be entitled at my decease, I give, devise and bequeath to my son, David U. Rakestraw."

Of course, this will is not binding on the parties, but was introduced in evidence without objection for what it was worth.

It is possible to draw this opinion out to greater length by analyzing each item of evidence, but we do not think this is necessary. Suffice it to say that we are unable to determine that the determination of the trial court was against the manifest weight of the evidence or contrary to law.

Assignment No. 3 complains of the court's rejection of certain evidence offered by the defendant Mrs. Lance. Specifically this specification refers to defendant Lane's Exhibit R, being a letter written at Los Angeles, California, on September 24, 1934, by Mrs. Rakestraw to her daughter, Nellie. The letter starts out with the salutation: "My darling child Nellie." It is a four page, closely written letter, and contains expressions of deep affection for her daughter, Nellie, and admiration for Nellie's husband, the doctor. The purpose of this letter was to rebut evidence presented by plaintiff having a tendency to show that the mother did not have the highest regard for her daughter, Nellie, or the daughter's husband, the doctor. The trial court sustained the objection to the introduction of this

letter, on the ground that being dated subsequent to the assignment of the stock in blank, it would have no probative force on the issues.

It is our conclusion that the trial court was not in error in refusing to admit this letter in evidence.

The fourth assignment of error is all inclusive. It makes the claim that the court erred in overruling motion for new trial.

Finding no prejudicial error, the judgment of the trial court will be affirmed and costs assessed against the appellant.

The cause will be remanded for further proceedings according to law.

HORNBECK, PJ. & GEIGER, J, concur.